Charles L. DANIELS, Director of Labor, et al
*v.* Margaret BENNETT and VICTOR INDUSTRIES
CORPORATION

81-44 and 81-45                     613 S.W. 2d 591

Supreme Court of Arkansas
Opinion delivered April 6, 1981

*Herrn Northcutt* and *Bruce H. Bokony*, for appellants.

*James A. McLarty*, for respondent Victor Industries Corporation, and Margaret Bennett, *pro se*.

GEORGE ROSE SMITH, Justice. The Director of Labor has filed two substantially similar petitions for certiorari, asking this court to review two decisions of the Court of Appeals. Both decisions reversed the Employment Security Board of Review on the ground that its findngs of fact were not supported by substantial evidence. Both decisions were by a divided court. Both petitions for review cite *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978), for the familiar rule that the findings of the Board of Review are binding on an appellate court if supported by substantial evidence. Both petitions for review characterize the substantial evidence rule as "a legal principle of major importance," which, it is argued, makes both cases reviewable under our Rule 29 (4) and (6). We have consolidated the two petitions for review and take this opportunity to explain why such petitions must be denied, because they do not involve a legal principle of major importance within the intent of our jurisdictional rule.

In considering whether to review decisions of the Court of Appeals, we shall steadfastly adhere to the position we unanimously adopted in *Moose* v. *Gregory*, 267 Ark. 86, 590 S.W. 2d 662 (1979). That is, we do not regard the Court of Appeals as a purely intermediate court, "becoming merely an expensive and time-consuming level in the appellate structure." To the contrary, our goal is to assign separate areas of jurisdiction to each court. "Ideally," as we said in *Moose*, "each court will be in effect a court of last resort, with

its decisions having a desirable finality. Ideally, it will be immaterial to the litigant whether his particular case goes to one court or the other. In either event both parties will have the benefit of an appellate review by a multi-judge court composed of judges having exactly the same qualifications. ... Our goal is to provide each litigant with the opportunity for one appeal only, not two."

No doubt the substantial evidence rule is a legal principle of major importance, but the present petitioners are mistaken in their insistence that the Court of Appeals abrogated that rule. It did not. Quite the opposite, the majority opinion in each case stated that the only question was whether the Board of Review's decision was supported by substantial evidence. Had the Court of Appeals announced that it was abolishing the substantial evidence rule, an issue of major importance would have been presented for review. That did not happen. The Court of Appeals simply found that the Board's decision was not supported by substantial evidence. If we reviewed either case we might agree or disagree with the majority decision of the Court of Appeals, but in either event the substantial evidence rule would not be altered by one particle. What the petitioners seek is simply a second appellate review, which is contrary to our position as expressed in *Moose* v. *Gregory*.

We realize, of course, that the Court of Appeals could not have certified these cases to us without first deciding them, because the Constitution does not permit us to review directly a decision of an administrative body such as the Board of Review or the Workers' Compensation Commission. *Ward School Bus Mfg. Co.* v. *Fowler*, 261 Ark. 100, 547 S.W. 2d 394 (1977). Even so, we will not review the decision of the Court of Appeals in such a case unless it presents some ground for review under Rule 29. Here no such ground exists.

Petitions denied.