OUACHITA HOSPITAL and ST. PAUL FIRE
AND MARINE INSURANCE COMPANY *v.*
James MARSHALL

CA 81-107                                           621 S.W. 2d 7

Court of Appeals of Arkansas
Opinion delivered September 9, 1981

274

*Shackleford, Shackleford & Phillips, P.A.*, for appellants.

*Samuel W. Harrell, Jr.* of *Roberts, Harrell & Lindsey*, for appellee.

GEORGE K. CRACRAFT, Judge. This is a sequel to *Marshall* v. *Ouachita Hospital*, 269 Ark. 958, 601 S.W. 2d 901, decided by the Court of Appeals on July 9, 1980. The present appeal poses the question of whether the Court of Appeals should apply the same rule of law of the case as that consistently adhered to by the Supreme Court. In the original opinion the Court of Appeals reversed an award of the Workers' Compensation Commission apportioning disability between the employer and second injury fund under Ark. Stat. Ann. § 81-1313(f)(2)(ii), holding that section of the act to be inapplicable to the facts. The Supreme Court thereafter denied a petition to rehear and same was remanded to the Commission with directions to enter an award against the employer without apportionment.

On October 13, 1980, before action was taken by the Commission on the mandate from this court, the Supreme Court decided the case of *Chicago Mill & Lumber Co.* v. *Greer*, 269 Ark. 895, 606 S.W. 2d 72, in which it found § 81-1313(f)(2)(ii) applicable in a factual situation which appellant contends was similar to that in *Marshall*. The appellant argued before the Commission that as the *Greer* decision apparently overruled *Marshall*, the Supreme Court decision rather than our mandate should control. The Commission in its order recited that it had given due consideration to *Greer* and entered its order in accordance with the mandate. No additional proceedings were had before the Commission, and this appeal is presented on the

same facts as were before the court initially. By this appeal appellant contends the Court of Appeals should rule that it is not required to apply the same rule of the case as that of the Supreme Court and as the two cases are inconsistent, should again remand the case for entry of an order apportioning the disability. Appellee contends that the two cases are distinguishable but, in any event, the prior opinion of this court in this case is the law of the case and binding on this court pursuant to the same rules as the Supreme Court has adopted as to its own opinion.

The Supreme Court has long adhered to the rule that when a case has been decided by it, and after remand returned to it on a second appeal, nothing is before it for adjudiciation except those proceedings had subsequent to its mandate. The Supreme Court has so held in a line of cases extending from *Fortenberry* v. *Frazier*, 5 Ark. 200 (1842), through *International Harvester Company* v. *Burks Motors, Inc.*, 252 Ark. 816, 481 S.W. 2d 351 (1972). In *Burks* it was again stated:

> Matters decided by us on the *Burks* appeal and on the petitions for rehearing are the law of the case and govern our action on this appeal to that extent, even if we were now inclined to say we were wrong in those decisions.

This rule is based on the fundamental concept that judgments must at some point become final and departure from that rule would only result in uncertainty, confusion and "incalcuable mischief." *Fortenberry* v. *Frazier*, supra; *St. Louis S.W. Railway Co.* v. *Jackson*, 246 Ark. 268, 438 S.W. 2d 41 (1969).

In support of his position that this court should not be bound by that law of the case rule, appellant cites cases from federal and sister state intermediate courts whose decisions are all subject to review by higher courts. These courts have reasoned that as their decisions are not final and the law of the case of the higher court is not the same as that of the intermediate court, they should reverse themselves on a second appeal where it appears that they may have erred on

the first. That reasoning cannot apply to the Arkansas Court of Appeals and to hold otherwise would make of this court what the Supreme Court has steadfastly declared was not intended. In *Daniels, Director* v. *Bennett*, 272 Ark. 275, 613 S.W. 2d 591 (1981), the Supreme Court stated:

> In considering whether to review decisions of Court of Appeals, we shall steadfastly adhere to the position we unanimously adopted in *Moose* v. *Gregory*, 267 Ark. 86, 590 S.W. 2d 662 (1979). That is, we do not regard the Court of Appeals as a purely intermediate court, "becoming merely an expensive and time-consuming level in the appellate structure." To the contrary, our goal is to assign separate areas of jurisdiction to each court. "Ideally," as we said in *Moose*, "*each court will be in effect a court of last resort, with its decisions having a desirable finality*. Ideally, it will be immaterial to the litigant whether his particular case goes to one court or the other. In either event both parties will have the benefit of an appellate review by a multi-judge court composed of judges having exactly the same qualifications. ... Our goal is to provide each litigant with the opportunity for one appeal, not two." (Emphasis added)

In *Moose* the court stated:

> Last May, after the General Assembly had created the new Court of Appeals, we further implemented Amendment 58 by adopting and publishing Rule 29 of the Rules of the Supreme Court and Court of Appeals. That rule tentatively defines both the separate jurisdictions of the two courts and the narrow grounds on which a decision of the Court of Appeals will be reviewed by the Supreme Court. Fundamentally, Rule 29 embraces four basic points:
>
> > 1. Certain cases, set forth in Section 1 of the rule, should be appealed to the Supreme Court in the first instance.
> >
> > 2. All other cases should be appealed to the

Court of Appeals.

3. The Court of Appeals should transfer to the Supreme Court (a) any case that should have gone to the Supreme Court in the first instance and (b) any case that is found to involve an issue of significant public interest or a legal principle of major importance.

4. The Supreme Court may grant certiorari to review any case that should have come to the Supreme Court originally, that should have been transferred to the Supreme Court by the Court of Appeals, or that was decided in the Court of Appeals by a tie vote. (Otherwise the decision of the Court of Appeals will not be reviewed.)

In view of this declaration of our function within the judicial structure of this state we hold that the rule regarding "the law of the case" applied by the Supreme Court to its decisions should be applied in this court to cases before it on second appeal, even though our decisions are not entirely immune from further review in those situations set out in *Moose*. There is, therefore, nothing before us to review except the proceedings subsequent to the mandate. It is unnecessary for us to make a determination as to whether *Greer* overruled *Marshall* or is distinguishable from it. Under the rule we here announce we would apply the prior decision as the law of the case even if we were inclined to now say that the preceding Court of Appeals was in error in that opinion.

We affirm the award of the Commission entered on the mandate from this court.