Carolyn RAINBOLT *v.* William F. EVERETT, Director of Labor and FIRST NATIONAL BANK

E 82-99                                    639 S.W.2d 532

Court of Appeals of Arkansas
Opinion delivered October 6, 1982

*David R. Goodson,* for appellant.

*Thelma Lorenzo,* for appellees.

JAMES R. COOPER, Judge. This is the second time that this case has been before us. In the first case, *Rainbolt v. Everett,* 3 Ark. App. 48, 621 S.W.2d 877 (1981), the appellant appealed from a finding that she voluntarily quit her last employment in order to accompany her spouse to a new place of residence but did not immediately enter the new labor market and become available for suitable work. We reversed the Board of Review's decision, holding that the "Employment Security Division may be estopped to deny that appellant made an immediate entry into the labor market because of the apparent representations of its agent." However, consistent with the procedure used by the Arkansas Supreme Court in *Foote's Dixie Dandy, Inc. v. McHenry,* 270 Ark. 816, 607 S.W.2d 323 (1980), we remanded the case in order to allow the State the opportunity to present evidence in order to rebut appellant's estoppel defense. The reason that we allowed the State the opportunity to present additional evidence was because this was the first case in which the doctrine of estoppel had been applied to the State where a claimant was seeking unemployment benefits. The State was justified in the lower proceeding in relying solely on the theory that estoppel could not be applied to the State, and therefore there was no reason for the State to present evidence to contradict appellant's estoppel defense.

On remand, three issues remained open. They were estoppel, registration and reporting requirements, and whether the appellant had been doing those things which a reasonably prudent individual would be expected to do to secure employment. The reason these last two issues were left open was because the Appeal Tribunal and the Board of Review had no reason to consider these issues, since they denied unemployment benefits on another ground. Apparently, these are two issues which may be considered by the Appeal Tribunal even if it reverses the Agency's original grounds for disqualification.[1] *See, Teegarden v. Director,*

---

[1] Whether this type of action by the Appeal Tribunal will survive a challenge based on procedural due process is open to debate. *See, Teegarden, supra* (Dissenting opinion).

*Ark. Employment Sec.,* 267 Ark. 893, 591 S.W.2d 675 (Ark. App. 1979).

After this case was remanded, the Appeal Tribunal conducted a hearing, at which the State produced Mr. Keith Johnson and elicited testimony from him regarding the facts giving rise to appellant's estoppel defense. Mr. Johnson testified that he did not remember any conversation with appellant at her initial interview. Mr. Johnson testified that his standard procedure was to set a date for appellant to return in order to view a film concerning her unemployment benefits and to give her literature regarding her unemployment benefits, if he had the literature.

The Board of Review, after reviewing the testimony at the second hearing, discussed Mr. Johnson's testimony in its findings of fact and conclusions of law section of its opinion. Then the Board said:

> The Court of Appeals stated that the sole question involved is whether this claimant immediately entered the labor market. The Board must find that she never left the area in question since her move only involved a distance of 20 to 21 miles. The Paragould job market is considered to be a part of the job market included in the Jonesboro area. It is further noted that in the reply from the employer on 501.3 Notice of Claim Filed Form that "Employee quit of own accord indicating unwillingness to drive distance of approximately 22 miles from home to work". The Board must find that this claimant quit her job for personal reasons.

The issue on which the Board denied appellant her unemployment benefits was not open to the Board on remand. We said in the first case:

> The Agency, Appeal Tribunal, and Board of Review specifically found that appellant did quit to accompany her spouse to a new place of residence, so that issue is not before us. The sole question involved is whether she immediately entered the labor market . . . .

While the Board of Review is not a court, it was created by the legislature and endowed with quasi-judicial functions. The doctrine of *res judicata* applies to administrative proceedings when the agency is acting in a judicial capacity and resolves disputed issues properly before it, which the parties have had an adequate opportunity to litigate. *United States* v. *Utah Const. & Min. Co.,* 384 U.S. 394, 86 S. Ct. 1545, 16 L.Ed.2d 642 (1966); *Andrews* v. *Gross & Janes Tie Co.,* 214 Ark. 210, 216 S.W.2d 386 (1949). Therefore, it also seems appropriate to apply the law of the case doctrine to administrative proceedings, when they involve quasi-judicial functions.

Our opinion in the first case became the law of the case. Under that doctrine, issues which were decided or issues which could have been raised on appeal are conclusively adjudicated and can no longer be litigated by the parties. *See, Ferguson* v. *Green,* 266 Ark. 556, 587 S.W.2d 18 (1979); *Ouachita Hospital* v. *Marshall,* 2 Ark. App. 273, 621 S.W.2d 7 (1981). On remand, the Board was restricted to the three issues which we said remained open.

This case is once again remanded to the Board of Review. On remand, the Board is directed to decide the issue of estoppel on the existing record, without additional hearings or the submission of affidavits, and to certify the record of its decision to this Court within thirty days from the date of this decision. Of course, copies of that decision must be sent to the attorneys of record and any party not represented by counsel, in order that the aggrieved party may file a timely notice of appeal.

Reversed and remanded.