Sam RICHARDSON, Jr., J.S. Beebe, J.S. Beebe, Jr., Joe R. May, Berg, Laney and Brown, Appellants,

and Jack Washington,

v.

PHILLIPS PETROLEUM COMPANY, Appellee.

No. 85–1033.

United States Court of Appeals, Eighth Circuit.

Aug. 25, 1986.

Robert C. Compton, Compton, Prewett, Thomas & Hickey, El Dorado, Ark., for appellants.

Robert K. Walsh, Friday, Eldredge & Clark, Little Rock, Ark., for appellee.

### ORDER

The petition for rehearing en banc is denied for lack of a vote to rehear by a majority of the active circuit judges. *See* Fed.R.App.P. 35(a). Judges ROSS, FAGG, BOWMAN and MAGILL would grant the rehearing en banc. The petition for rehearing by the panel is also denied.

In denying the petition, we note that in *University of Tennessee v. Elliott,* — U.S. ——, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Supreme Court recently held

that quasi-judicial administrative adjudications can have a preclusive effect on further court proceedings on the same issue. Arkansas law has long adhered to the collateral estoppel principles articulated in *United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), which were reiterated in *Elliott,* that preclusive effect may be accorded findings of a state agency when it acts in a judicial capacity to resolve disputed fact issues properly before it which the parties have had an opportunity to litigate. *See Elliott,* 106 S.Ct. at 3226; *Rainbolt v. Everett,* 6 Ark.App. 204, 639 S.W.2d 532, 534 (1982) (both quoting *Utah Construction* 384 U.S. at 422, 86 S.Ct. at 1560). Here, as both the administrative tribunal and the state court on review recognized, the issue before the Arkansas Oil and Gas Commission was whether a petroleum company's operations should be completely shut down. The relief sought from the Commission was for an injunction based upon a showing of irreparable harm from the company's acts. The Commission specifically referred to its inability to pass on compensatory damages and the state court acknowledged that its judgment on review upholding the Commission's denial of injunctive relief should not preclude a state court tort action. Notwithstanding the legal precepts found controlling in *Elliott,* which our majority opinion also quotes and with which we agree, where the issue tried before the administrative tribunal was not the same as the issue to be determined in the subsequent lawsuit, these rules of issue preclusion do not bar further tort proceedings here.

Judge Fagg, reaffirming his dissent, argues that *Elliott* reinforces his contention that collateral estoppel should apply here to bar a subsequent tort action. Clearly, however, *Elliott* establishes no new rule which should alter our present opinion. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), still requires this court to look to state law, and we must

give the Commission's fact-finding the same preclusive effect to which it would be entitled in the state's courts. Our reading of Arkansas state law convinces us that the issue preclusion rules stated in *Utah Construction* should not be applied to bar a state court action for damages here. For these reasons, the petition for rehearing is denied.