Arnold LUNSFORD *v.* RICH MOUNTAIN
ELECTRIC CO-OP

CA 90-39                                                800 S.W.2d 732

Court of Appeals of Arkansas
En Banc
Opinion delivered December 26, 1990

*Walker Law Firm*, by: *Eddie H. Walker, Jr.*, for appellant.

*Friday, Eldredge & Clark*, by: *Scott J. Lancaster* and *J. Michael Pickens*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the Arkansas Workers' Compensation Commission.

On December 8, 1983, the appellant sustained a work-related injury that appellee accepted as compensable. On March 7, 1988, appellant went horseback riding and, after dismounting, experienced an episode of pain which caused him to faint, fall to the ground, and fracture his spine.

At a hearing before an administrative law judge on January 19, 1989, it was stipulated that the only issue to be heard was the

liability for the medical expenses resulting from the March 1988 injury. Appellant contended the difficulties that arose in that regard represented a continuation and recurrence of the 1983 injury, and any medical expenses resulting from that incident were the responsibility of the appellee. The appellee contended the injury sustained as the result of that incident constituted a new injury and that appellant's conduct of horseback riding was "rash" in light of his understanding of his injury.

The appellant testified that the March 7, 1988, incident occurred after he had gone for a short horseback ride and had returned to the pasture where he kept the horse. He said that while he was standing in the corral with a halter in his hand, he had an unbearable pain, became nauseated, dropped the halter, took hold of the top rail of the fence, and that is the last he remembers until he "came to." He said he had never passed out before. Appellant testified that he did not run or trot the horse, or cause the horse to jump over any objects; that he rode on a country road; did not take the horse out in the woods or ride up and down mountains; that the ride was "just strictly walking"; and that he had ridden probably a mile. Appellant also testified that before he did "this" he had cleared it with Dr. MacDade.

The medical records indicate that on May 27, 1986, Dr. MacDade thought appellant could perform sedentary tasks in the light manual arts, fine manipulative activities with the hands, and drive a vehicle. In a medical note dated August 21, 1986, Dr. Wideman stated that he wanted appellant to return to work and that he did not see any reason why appellant could not drive a backhoe or bulldozer as long as he was not lifting any significant weight. And in a progress note dated June 3, 1987, Dr. MacDade stated he was pleased with appellant's progress and instructed appellant to gradually increase his activities. Then, on July 7, 1987, Dr. MacDade stated appellant's back situation was stable and asked appellant to increase his activities.

The law judge issued an opinion that contained the following findings:

5. The claimant has proven by a preponderance of the evidence that medical treatment necessitated by the March 7, 1988 worsening in his condition is a compensable consequence of his admittedly compensable injury.

6. Treatment rendered the claimant in connection with the March 7, 1988 worsening in his condition constitutes reasonable and necessary medical treatment for the compensable injury.

7. The respondents are liable for reasonable and necessary medical treatment rendered by authorized treating physicians as a consequence of the claimant's December 8, 1983 injury.

The full Commission reversed the decision of the law judge on the finding that appellant's horseback riding was unreasonable under the circumstances and that this unreasonable activity constituted an independent intervening cause for which the employer was not liable. The Commission explained its decision as follows:

The preponderance of the evidence is that the two injuries are causally connected in that pain from the first incident caused Lunsford to faint, thereby sustaining the second accident. However, we find that horseback riding was unreasonable under the circumstances of this case and that this unreasonable activity constitutes an independent intervening cause which now insulates the Respondents from liability. Lunsford certainly knew that he had suffered a serious back injury, that he had undergone two surgical procedures, that he had not worked in over three years due to his injuries, and that Dr. Albert D. MacDade had assigned him a 5% anatomical impairment rating. The Claimant and his wife testified that he had nearly fallen on several occasions because of a feeling that his legs were "giving away." Lunsford can hardly be heard to say that he thought the back condition from which he suffered was so minor that it could be ignored. While we can understand his desire to get out of the house and to have a more active lifestyle, we still find it unreasonable for one in his condition to engage in an activity which jostles the back and which requires the rider to lift a heavy saddle and to mount and dismount. Although Lunsford believed that he had cleared this activity with Dr. MacDade, there must have been some misunderstanding, since nowhere in the physician's reports or progress notes can we find any

reference to a discussion regarding horseback riding or any permission to engage in the sport. Even if Dr. MacDade did tell Lunsford to go ahead and ride, the doctor's opinion that the activity was reasonable is not binding on the Commission. *Barksdale Lumber Company* v. *McAnally*, 262 Ark. 379, 557 S.W.2d 868 (1977).

On appeal, the appellant argues that there "is not substantial evidence upon which to base a conclusion that the horseback riding was an activity that would constitute an independent intervening cause such as to terminate the appellee's liability in this case."

Both parties cite the case of *Appleby* v. *Belden Corporation*, 22 Ark. App. 243, 738 S.W.2d 807 (1987). In that case we said:

> The issue in *Guidry* v. *J & R Eads Construction Co.*, 11 Ark. App. 219, 669 S.W.2d 483 (1984), was the same as the issue here. In *Guidry*, we said that the question is whether there is a causal connection between the primary injury and the subsequent disability; and if there is such a connection, there is no independent intervening cause unless the subsequent disability was triggered by activity on the part of the claimant which was unreasonable under the circumstances.

> One of the circumstances which should be considered in deciding if the "triggering activity" was reasonable is the claimant's knowledge of his condition. *See* Larson, *The Law of Workmen's Compensation* § 13.11 (1986).

22 Ark. App. 246.

In the present case, the Commission's opinion quoted above stated: "The preponderance of the evidence is that the two injuries are causally connected in that pain from the first incident caused Lunsford to faint, thereby sustaining the second accident." Thus, the Commission has found that there is a causal connection between appellant's injury in 1983 and the injury in 1988. Therefore, the question is whether the 1988 injury was "triggered by activity on the part of the claimant which was unreasonable under the circumstances." *Appleby* v. *Belden*, *supra*.

■ In determining whether the appellant's horseback riding was unreasonable under the circumstances, the Commission should have also considered the appellant's knowledge of his condition. The Commission's opinion finds that appellant, "believed he had cleared this activity with Dr. MacDade," but the Commission then departs from the considerations mandated by the law as stated above and finds that "there must have been some misunderstanding" and states that "even if Dr. MacDade did tell Lunsford to go ahead and ride, the doctor's opinion that the activity was reasonable is not binding upon the Commission." So, after finding that the appellant "believed he had cleared" the horseback riding with the doctor, the Commission did not find whether this activity was unreasonable by a claimant who "believed he had cleared" it with the doctor.

■ Although the Commission did conclude its opinion by stating "we find the conduct of horseback riding to be unreasonable," the issue is whether the conduct of horseback riding was unreasonable "under the circumstances" and one of the circumstances to be considered was the fact, found by the Commission, that appellant "believed he had cleared this activity" with his doctor. Because the Commission did not make a finding on the reasonableness of the claimant's activity under all the circumstances shown by the evidence in this case, we remand this matter for that finding to be made.

Reversed and remanded.

CORBIN, C.J., ROGERS, J., and ERNIE WRIGHT, Special Judge, agree.

CRACRAFT and JENNINGS, JJ., dissent.

COOPER, J., not participating.

JOHN E. JENNINGS, Judge; dissenting. Mr. Lunsford suffered an admittedly compensable back injury in 1983. As a result, two successive laminectomies were performed by Dr. MacDade.

While it is true that claimant testified that the March 7, 1988, incident occurred after he had gone for a "short horseback ride," the history taken by Dr. MacDade states, "he had gotten back from a long sojourn on horseback, got off his horse, and then felt some back spasms which radiated around to the lower

abdomen." Certainly the Commission, as trier of fact, can choose to accept the statement made by the claimant to his physician on the date of the injury, rather than the claimant's subsequent testimony.

The Commission had before it the claimant's testimony that he believed he had cleared the horseback riding with Dr. MacDade. It also had before it a number of letters and reports from Dr. MacDade. Although these documents contained considerable advice about what the claimant should and should not undertake to do from a physical standpoint, they contained no mention of horseback riding.

As I understand the Commission's opinion, it held that even if the claimant had been told by his physician that it was all right to go horseback riding, the activity would be unreasonable under the circumstances. In light of the settled rule that the Commission is not bound by medical opinion, *McClain* v. *Texaco, Inc.*, 29 Ark. App. 218, 780 S.W.2d 34 (1989), and the principle that the Commission, like a jury, is not prohibited from using its collective common sense, I think the Commission could legitimately find that the claimant's activities were unreasonable under the circumstances and therefore constituted an independent intervening cause of the fracture to his spine.

I respectfully dissent.

CRACRAFT, J., joins in this dissent.