## Arnold LUNSFORD *v.* RICH MOUNTAIN ELECTRIC COOP, et al.

CA 91-223                                               832 S.W.2d 291

Court of Appeals of Arkansas
En Banc
Opinion delivered June 3, 1992

*Eddie H. Walker, Jr.*, and *Melissa E. Smith*, for appellant.

*Friday, Eldredge & Clark*, by: *Scott J. Lancaster* and *J. Michael Pickens*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case sustained a compensable back injury in 1983. On March 7, 1988, the appellant went horseback riding and, after dismounting, experienced pain which caused him to faint, fall, and injure his spine. The appellant sought benefits for the medical expenses resulting from his 1988 injury, contending that the 1988 incident was a continuation and recurrence of his 1983 injury. The Workers' Compensation Commission found that the appellant's horseback riding was an unreasonable activity constituting an independent intervening cause, and concluded that the employer was therefore not liable for medical expenses resulting from the 1988 incident. In our opinion delivered December 26, 1990, we noted that the question before the Commission was whether the 1988 injury was triggered by activity on the part of the appellant which was unreasonable under the circumstances, and held that the Commission erred by failing to consider the appellant's knowledge of his condition in determining whether his horseback riding was unreasonable under the circumstances. *Lunsford* v. *Rich Mountain Electric Co-op*, 33 Ark. App. 66, 800 S.W.2d 732 (1990). Noting that the Commission found that the appellant "believed he had cleared this activity with Dr. MacDade," his physician, but failed to find whether the appellant's horseback riding was unreasonable in light of his belief that the activity had been cleared with the doctor, we reversed and remanded for the latter finding to be made. *Lunsford*, 33 Ark.

App. at 70. On remand, the Commission again denied and dismissed the appellant's claim. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in failing to follow this Court's instructions on remand, and that the Commission's dismissal of the claim is not supported by substantial evidence. We agree with both points, and we reverse.

The appellant correctly asserts that the Commission failed to follow our instructions on remand. We observed in our prior opinion that the Commission found that the appellant believed his horseback riding activity had been cleared with Dr. MacDade, and remanded with specific instructions which directed the Commission to find whether the appellant's activity was unreasonable in light of his belief that it had been cleared by his physician. The Commission did not comply with these instructions, but instead found that the appellant's testimony lacked credibility and stated that it had not intended to find that the appellant believed that Dr. MacDade had cleared his horseback riding activity.

Regardless of what the Commission may have intended, the Commission found in its previous opinion that the appellant believed Dr. MacDade had cleared the activity. Having once so found, the Commission cannot now say that the appellant's testimony was not sufficiently credible to permit such a finding, because the doctrine of res judicata, which is applicable to the decisions of the Commission, forbids the reopening of matters once judicially determined by competent authority. *Tuberville v. International Paper Co.*, 18 Ark. App. 210, 711 S.W.2d 840 (1986). Moreover, matters decided on our prior appeal are the law of the case and govern our actions on the present appeal to the extent that we would be bound by them even if we were now inclined to say that we were wrong in those decisions. *Ouachita Hospital v. Marshall*, 2 Ark. App. 273, 621 S.W.2d 7 (1981). We are not so inclined, because the Commission plainly stated in its opinion that the appellant "believed that he had cleared this activity with Dr. MacDade." A simple, straightforward statement of what happened, like the statement quoted above, is a finding of fact. *See Wright v. American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). Our

interpretation of the Commission's language as a finding of fact was essential to our prior opinion in that our instruction on remand was premised on our conclusion that the Commission found that the appellant believed his doctor had cleared the activity. As such, the matter was decided, and therefore governs the actions of the Commission on remand and our actions on a second appeal. *See Pickle* v. *Zunamon*, 19 Ark. App. 40, 716 S.W.2d 770 (1986). By ignoring our instructions on remand and our decision in this matter, the Commission committed error.

██ We also find merit in the appellant's argument that the Commission's decision was not supported by substantial evidence. The Commission concluded in its opinion that "horseback riding by a man in the Claimant's condition was unreasonable, even assuming *arguendo* that he did believe that his doctor had cleared the activity." The Commission's conclusion was based on the appellant's testimony that he suffered episodes of intense pain from time to time which could cause him to lose consciousness; given evidence to this effect, the Commission found that it was unreasonable for the appellant to ride horses even if he believed that his doctor had authorized that activity. This holding was premised on the Commission's conclusion that horseback riding was dangerous *per se* to the appellant and caused an increased potential for the episodes of intense pain described above. However, we find no evidence in the record to show that horseback riding would exacerbate the appellant's back injury. Although we defer to the Commission's experience and knowledge when employed to make a finding based on the evidence before it, the Commission's expertise is not evidence and cannot be substituted for evidence. *See Perry* v. *Mar-Bax Shirt*, 16 Ark. App. 133, 698 S.W.2d 302 (1985). Under these circumstances, where the appellant believed that his doctor had approved the activity, where medical evidence of the effect of the activity on the appellant's condition is absent from the record, and where the appellant was not riding a horse when the incident occurred, we hold that the Commission's finding that the appellant engaged in an unreasonable activity is not supported by substantial evidence. We reverse and remand for the Commission to award benefits.

Reversed and remanded.

CRACRAFT, C.J., and JENNINGS, J., dissent.

JOHN E. JENNINGS, Judge, dissenting. While I agree that the Commission may not, on remand, change its findings of fact, I do not agree that the Commission's opinion fails to display a substantial basis for the denial of the relief sought. *See Linithicum* v. *Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987).

Mr. Lunsford suffered a herniated disc in 1985 and underwent a laminectomy. In 1986 he suffered a "reoccurrence" of the herniated disc and underwent a second laminectomy. After the second surgery he continued to suffer from severe back pain.

The Commission might reasonably decide, as it did, that regardless of any conversations between the claimant and his doctor, the undertaking of a "long sojourn on horseback" was an unreasonable activity under the circumstances so as to break the chain of causation between Mr. Lunsford's compensable injury and his subsequent spinal fracture.

I respectfully dissent.

CRACRAFT, C.J., joins in this dissent.