Thomas J. BROADWAY *v.* B.A.S.S. et al.

CA 92-558                                     848 S.W.2d 445

Court of Appeals of Arkansas
Division I
Opinion delivered March 10, 1993

*William Adolph Owings*, for appellant.

*Anderson & Kilpatrick*, by: *Mariam T. Hopkins*, for appellees.

JOHN B. ROBBINS, Judge. Appellant Thomas Broadway appeals from a decision of the Workers' Compensation Commission finding that he was guilty of unreasonable conduct in connection with a work-connected disability. This action was held to constitute an independent intervening event and relieved appellee of further liability. Specifically, appellant contends that failure to wear his wrist splint did not constitute an independent intervening event and that he had no notice that removal of the splint could have adverse consequences to his arm. We disagree and affirm.

On September 15, 1989, while employed by appellee, the appellant suffered a burn injury to his right arm. Following his injury, appellant worked for Smith Custom Repairs from November 1 through November 14, 1989, when he quit due to pain in his right arm.

The Commission found that based upon the medical evidence the appellant's employment with Smith did not aggravate appellant's condition, and that on November 14, 1989, appellant experienced a recurrence of the injury he had suffered while in appellee's employment. Dr. Reid Kilgore was the orthopedic surgeon who initially treated the appellant subsequent to November 14, 1989. Dr. Kilgore testified that appellant suffered from two distinct conditions, one involving his hand and right forearm and the other involving his elbow. Appellant's first condition was

diagnosed as reflex sympathetic dystrophy caused by the burn injury. The second condition was diagnosed as tendinitis of lateral epicondylitis, commonly known as "tennis elbow." Dr. Kilgore and Dr. Thomas M. Ward, a specialist in physical medicine and rehabilitation, both testified that the elbow problems were caused by the manner in which appellant used his hands following the burn injury.

Appellant was referred to Dr. Robert Valentine for treatment of the reflex sympathetic dystrophy. Dr. Valentine performed two series of nerve block treatments. The first series concluded on January 29, 1990, at which time Dr. Valentine believed that appellant's reflex sympathetic dystrophy had probably resolved. A second ganglion block procedure was performed, on April 2, 1991.

Dr. Ward treated appellant after he was released from Dr. Valentine's care following the first series of nerve block treatments. Dr. Ward testified that appellant had returned to work driving a truck in May, 1990, and was not wearing the wrist splint which he was supposed to wear to rehabilitate the elbow problem. On July 3, 1990, Ward examined appellant again because of pain in his elbow and found that appellant had not been wearing his splint as the doctor had advised. Dr. Ward testified that the symptoms appellant complained of were the type that would develop if appellant had been working without wearing his splint. He stated that the purpose of the splint was to allow the area in the lateral epicondyle to decrease in swelling and become less irritated, therefore, less painful. The appellant was still suffering from the lateral epicondylitis (tennis elbow) at the time of the hearing before the administrative law judge.

The administrative law judge found the appellant's behavior in not wearing the wrist splint after returning to work soon after April 10, 1990, was unreasonable under the circumstances and broke the chain of causation between the original burn and the incapacitating lateral epicondylitis. This intervening cause relieved appellee of further liability from the date of removing the split. On February 6, 1992, the Commission affirmed the administrative law judge's findings of fact and conclusions of law.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable

inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Welch's Laundry and Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Varnell* v. *Union Carbide*, 29 Ark. App. 185, 779 S.W.2d 543 (1989). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bearden Lumber Company* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

On appeal, appellant argues that removal of the splint did not constitute an independent intervening event relieving appellee of liability. In *Guidry* v. *J. R. Eads Construction Co.*, 11 Ark. App. 219, 669 S.W.2d 483 (1984), we said that the question is whether there is a causal connection between the primary injury and the subsequent disability; and if there is such a connection, there is no independent intervening cause unless the subsequent disability was triggered by activity on the part of the claimant which was unreasonable under the circumstances. One of the circumstances to consider in deciding whether the "triggering activity" was reasonable is the claimant's knowledge of his condition. *See* 1 Larson, *The Law of Workmen's Compensation* § 13.11 (1986).

In *Lunsford* v. *Rich Mountain Electric Coop.*, 38 Ark. App. 188, 832 S.W.2d 291 (1992), we reversed the Commission's finding that an employee had engaged in an unreasonable activity which constituted an independent intervening cause. But there the employee believed that the activity, horseback riding, had been cleared by his physician and there was no proof in the record to show that horseback riding would exacerbate the employee's back injury. Furthermore, the incident occurred just after the employee was riding a horse, and not while he was actually on the horse.

In the case at bar, the Commission found that appellant was encouraged by Dr. Ward to wear his splint, and appellant ignored the doctor's advice. The testimony shows that appellant did not wear the splint while shifting gears when driving

a truck for a period of time. The testimony also shows that appellant did not wear his splint for a period of several months. Dr. Ward testified that appellant's failure to wear the splint caused a reaggravation of his symptoms of pain. The Commission has the duty of weighing medical evidence and if the evidence is conflicting, its resolution is a question of fact for the Commission. *Henson* v. *Club Products*, 22 Ark. App. 136, 736 S.W.2d 290 (1987). Questions concerning the credibility of witnesses and the weight to be given their testimony are exclusively within the province of the Commission. *Robinson* v. *Ed Williams Construction Co.*, 38 Ark. App. 90, 828 S.W.2d 860 (1992). Considering the evidence presented, we cannot say the Commission erred in finding that removal of the splint constituted an independent intervening event relieving appellee of liability.

█ Appellant next contends that he was not given notice that removal of the splint could have adverse consequences to his arm. Dr. Ward testified, "the primary cause of lateral epicondylitis is wrist activity, and we wanted to splint the wrist to avoid any further wrist activity and to allow that area in the lateral epicondyle to decrease in swelling and become less irritated." The appellant was encouraged to wear the splint and try to completely immobilize the wrist to allow healing. Appellant knew Dr. Ward gave him the splint for the expressed purpose of immobilizing his wrist and that the wrist had improved in March, 1990, due to the splint. Yet, appellant did not continue to follow his doctor's orders by wearing the splint. The evidence supports a finding that appellee had notice he should wear the splint, and the Commission did not err in denying further benefits.

Affirmed.

MAYFIELD J., and GEORGE K. CRACRAFT, Special Judge, agree.