Regina HISLIP *v.* HELENA/WEST HELENA SCHOOLS

CA 00-1389                                    48 S.W.3d 566

Court of Appeals of Arkansas
Division III
Opinion delivered July 5, 2001

*Philip M. Wilson, P.A.*, for appellant.

*Roberts, Roberts, & Russell, P.A.*, by: *Mike Roberts* and *Ben Cormack*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Regina Hislip injured her neck when she slipped and fell while working for appellee Helena/West Helena Schools on October 14, 1998. The appellee accepted the injury as compensable, and in February 1999, Mrs. Hislip came under the care of Dr. Gregory Ricca. Dr. Ricca performed cervical fusion surgery on May 26, 1999, which the appellee covered. However, the fusion surgery was unsuccessful and, pursuant to Dr. Ricca's recommendation, Mrs. Hislip wanted to repeat the surgical procedure. The second surgery was controverted by the appellee, and after a hearing, the Workers' Compensation Commission denied Mrs. Hislip's claim for additional medical treatment. Specifically, the Commission ruled that Mrs. Hislip's continued smoking constituted an independent intervening cause, which prolonged her need for treatment in the form of another cervical fusion surgery. Mrs. Hislip now appeals, arguing that the Commission's decision to deny benefits for the subsequent surgery is not supported by substantial evidence. We agree, and we reverse.

█ █ Where a claim is denied because the claimant has failed to show entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm the Commission if its opinion displays a substantial basis for the denial of relief. *Stephenson v. Tyson Foods, Inc.*, 70 Ark. App. 265, 19 S.W.3d 36 (2000). In determining the sufficiency of the evidence, we review the evidence in the light most favorable to the Commission's findings, and affirm if they are supported by substantial evidence. *Cooper v. Hiland Diary*, 69 Ark. App. 200, 11 S.W.3d 5 (2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Dr. Ricca testified that Mrs. Hislip first presented with neck pain on February 23, 1999. He indicated that fusion surgery eventually became necessary due to bone spurs and a pinched nerve. According to Dr. Ricca, Mrs. Hislip had been a pack-a-day cigarette smoker for fifteen years, and on her first visit he advised her to quit. However, she continued to smoke both before and after the May 26, 1999, surgery, and Dr. Ricca's July 1999 notes indicate that at that time he again advised her to quit.

Dr. Ricca testified that x-rays taken several weeks after the surgery showed that instead of improving, the bones in Mrs. Hislip's neck were deteriorating and collapsing. He further stated that chronic smoking impairs the blood supply to bone and has an adverse effect on the human spine. Dr. Ricca testified that Mrs. Hislip's continuation of smoking cigarettes increased the odds that her fusion would fail. He stated that in his nine years of practice, the only failed fusions that he had performed were on smokers. Dr. Ricca acknowledged that failed fusions can occur for a variety of reasons. However, in the instant case he attributed the failure to Mrs. Hislip's smoking. In this regard, he testified:

> I do not think I can separate whether or not the smoking prior to the surgery or the smoking after the surgery was the major cause. I think that smoking is the major cause of this fusion to fail .... In my opinion a combination of both pre, before the accident and surgery, and post, after the accident and surgery, smoking would be the cause of the failed fusion.

Ms. Hislip testified on her own behalf. She stated that, prior to the surgery, Dr. Ricca advised her that if she stopped smoking it might help her, but also that it might not. She testified that, two weeks before the surgery, she cut her smoking back to a half-pack a day. She continued smoking a half-pack a day until July 1999, when she became aware that the second surgery was being controverted due to an independent intervening cause. Ms. Hislip maintained that Dr. Ricca told her to stop smoking after the fusion surgery failed, but not before.

For reversal, Mrs. Hislip argues that the Commission erred in denying compensation for the second surgery in reliance on Ark. Code Ann. § 11-9-102(4)(F)(iii) (Supp. 1999), which provides:

> Under this subsection (4)(F), benefits shall not be payable for a condition . which results from a nonwork-related independent intervening cause following a compensable injury which causes or prolongs disability or a need for treatment. A nonwork-related independent intervening cause does not require negligence or recklessness on the part of the claimant.

Mrs. Hislip notes that, although Dr. Ricca attributed the failed fusion surgery to her smoking, he could not determine the extent to which her pre-operative and post-operative smoking contributed to the failure. Given the evidence presented, Mrs. Hislip submits that the primary cause of the failed surgery was her pre-injury

smoking, which could not have constituted a independent intervening cause. She contends that there was a failure of proof to support the Commission's decision in this regard, and that therefore its decision must be reversed.

■ In *Davis v. Old Dominion Freight Line Inc.*, 341 Ark. 751, 20 S.W.3d 326 (2000), our supreme court held that the legislature's enactment of Act 796 of 1993 did not change the prior existing law regarding independent intervening causes. In *Broadway v. B.A.S.S.*, 41 Ark. App. 111, 848 S.W.2d 445 (1993), we outlined the test for when an independent intervening cause relieves an employer from liability:

> In *Guidry v. J.R. Eads Constr. Co.*, 1 Ark. App. 219, 669 S.W.2d 483 (1984), we said that the question is whether there is a causal connection between the primary injury and the subsequent disability; and if there is such a connection, there is no independent intervening cause unless the subsequent disability was triggered by activity on the part of the claimant which was unreasonable under the circumstances. One of the circumstances to consider in deciding whether the "triggering activity" was reasonable is the claimant's knowledge of his condition. *See* 1 Larson, *The Law of Workmen's Compensation* § 13.11 (1986).

*Id.* at 114, 848 S.W.2d at 447-48.

■ In the instant case it is clear that there is a causal connection between the primary injury and the need for the second fusion surgery given that Mrs. Hislip would not have needed the first surgery but for her fall at work. Thus, pursuant to *Broadway v. B.A.S.S., supra*, the Commission's duty was to determine whether Mrs. Hislip's continued smoking triggered the need for an additional surgery, and whether it was unreasonable under the circumstances. We hold that the Commission's opinion does not display a substantial basis for denying the relief sought because the evidence does not support the Commission's finding that Mrs. Hislip's post-accident smoking caused the failed fusion surgery. Thus, we need not address whether or not Mrs. Hislip's decision to continue smoking was unreasonable.

■ In its opinion, the Commission stated:

> [T]he medical evidence unequivocally reveals that claimant's need for additional medical treatment was caused by claimant's continued nicotine use both prior to and after surgery. As noted by Dr.

Ricca, if claimant had quit smoking "it would have had a significant difference on the outcome." Although he could not distinguish between the effect of post-operative and pre-operative smoking, Dr. Ricca has consistently and unfailingly opined that smoking was a "significant cause" or "primary cause" of claimant's failed fusion.

The medical proof relied on by the Commission supports a finding that Mrs. Hislip's smoking triggered the need for the second surgery. However, it does not support the more specific finding that her smoking, after her doctor advised her to stop, triggered the need for the second surgery. In fact, the Commission acknowledged that Dr. Ricca could not distinguish between the effect of post-operative and pre-operative smoking on the failed fusion. Dr. Ricca's testimony indicated that he could not determine whether the pre-accident or post-accident smoking was the major cause of the failure. Consequently, the Commission's determination that the need for a second surgery was caused by an independent intervening cause is not supported by substantial evidence.

Reversed and remanded.

GRIFFEN and CRABTREE, JJ., agree.