HELENA/WEST HELENA SCHOOLS and
Arkansas School Boards Association *v.* Regina HISLIP

CA 02-013                                    79 S.W.3d 404

Court of Appeals of Arkansas
Division III
Opinion delivered June 26, 2002

*Roberts, Roberts & Russell, P.A.*, by: *Michael Lee Roberts* and *Mary-Marsha Porter*, for appellants.

*Philip M. Wilson,* for appellee.

JOHN B. ROBBINS, Judge. Appellee Regina Hislip sustained a compensable neck injury while working for appellant Helena/West Helena Schools on October 24, 1998. Dr. Gregory Ricca subsequently performed a fusion surgery, which was unsuccessful. He recommended a second fusion surgery, but benefits for the second surgery were controverted by the appellant based on its contention that Mrs. Hislip's continued smoking constituted an independent intervening cause, which prolonged her need for treatment. The Workers' Compensation Commission agreed and denied Mrs. Hislip's claim for additional medical treatment, and Mrs. Hislip appealed.

In *Hislip v. Helena/West Helena Schools,* 74 Ark. App. 395, 48 S.W.3d 566 (2001), we reversed the decision of the Commission. In remanding the case, we announced:

> The medical proof relied on by the Commission supports a finding that Mrs. Hislip's smoking triggered the need for the second surgery. However, it does not support the more specific finding that her smoking, after her doctor advised her to stop, triggered the need for the second surgery. In fact, the Commission acknowledged that Dr. Ricca could not distinguish between the effect of post-operative and pre-operative smoking on the failed fusion. Dr. Ricca's testimony indicated that he could not determine whether the pre-accident or post-accident smoking was the major cause of the failure. Consequently, the Commission's determination that the need for a second surgery was caused by an independent intervening cause is not supported by substantial evidence.

*Id.* at 400, 48 S.W.3d at 569.

Pursuant to our remand, the Commission issued a decision awarding additional treatment related to the compensable injury, including all treatment provided by Dr. Ricca. Helena/West Helena Schools now appeals from that decision, arguing that the Commission failed to make specific findings of fact to support the award, and that the decision is not supported by substantial evidence. We affirm.

The appellant asserts in its argument that the second opinion of the Commission is "conclusory, contrary to the evidence presented, and not based on satisfactory, sufficient findings of fact." The appellant submits that substantial evidence supports the Commission's finding in its first opinion that Mrs. Hislip's smoking was unreasonable under the circumstances, and constituted an independent intervening cause that prolonged her need for treatment and thus absolved appellant from further liability.

We hold that the issue being raised on appeal is barred by the law-of-the-case doctrine. The law-of-the-case doctrine provides that on second appeal the decision of the first appeal becomes law of the case, and is conclusive of every question of law or fact decided in the former appeal, and also of those that might have been, but were not presented. *Slaton v. Slaton*, 336 Ark. 211, 983 S.W.2d 951 (1999). In the original appeal, we reversed the Commission's finding that Mrs. Hislip's continued smoking was an independent intervening cause. The appellant then filed a petition for rehearing in this court, and a petition for review in the supreme court, both of which were denied. On remand, the Commission's duty was to issue an order in compliance with our opinion reversing its prior decision, and this the Commission did. Now, in this second appeal, the appellant raises an issue that was decided in the first appeal.

In its reply brief, appellant argues that the Commission's decision should be reversed because it fails to address whether the second surgery constitutes reasonably necessary treatment pursuant to Ark. Code Ann. § 11-9-508(a) (Repl. 2002). However, the posture of this case made it unnecessary for the Commission to make such a finding, since appellant agreed in the first appeal with the Commission's conclusion that the first surgery failed and that an additional surgery was necessary to treat Mrs. Hislip's back condition. More importantly, we do not consider arguments raised for the first time in a reply brief because the appellee would have no opportunity to rebut the argument. *See Schueck Steel, Inc. v. McCarthy Bros. Co.*, 289 Ark. 436, 711 S.W.2d 820 (1986). Because appellant first raised this argument in its reply brief, it is not properly before this court.

■ In her brief, Mrs. Hislip asserts that the same arguments presented in this appeal were presented in the previous appeal, and that the additional delay resulting from appellant's behavior should not be tolerated. She submits that the appellant should be sanctioned for its frivolous attempt to appeal a case that has already been decided. We agree that appellant has exhibited a clear reluctance to comply with our prior mandate, and that its appeal appears to be frivolous. Accordingly, we feel obliged to invoke Rule 11 of the Arkansas Rules of Appellate Procedure—Civil, and in doing so, order appellant and its counsel to show cause why sanctions should not be imposed against them. *See Jones v. Jones*, 328 Ark. 684, 944 S.W.2d 121 (1997).

The decision of the Commission is affirmed. Appellant and counsel's written response(s) shall be filed with the clerk of this court within twenty-one days of the date of this opinion.

PITTMAN and BAKER, JJ., agree.