Sharron SMITH *v.* GERBER PRODUCTS

CA 95-890                                               922 S.W.2d 365

Court of Appeals of Arkansas
Division III
Opinion delivered June 5, 1996

*Walker Law Firm,* by: *Eddie H. Walker, Jr.,* for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold,* by: *James A. Arnold, II,* for appellee.

JOHN B. ROBBINS, Judge. Appellant Sharron Smith suffered a back injury while working for appellee Gerber Products on July 30, 1993. Gerber Products accepted the injury as compensable and covered related medical expenses. However, Gerber Products contested Ms. Smith's claim that she was entitled to permanent disability for her anatomical impairment and wage loss. After a hearing, the Workers' Compensation Commission denied all permanent benefits. Ms. Smith now appeals, arguing that the Commission erred in finding that she failed to prove entitlement to benefits for her permanent impairment. Alternatively, Ms. Smith contends that, even if she is not entitled to permanent impairment benefits, the Commission erred in denying permanent partial wage-loss disability benefits. We find no error and affirm.

When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners* v. *Clark,* 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *City of Fort Smith* v. *Brooks,* 40 Ark. App. 120, 842 S.W.2d 463 (1992). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached

the same conclusions if presented with the same facts. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

Dr. James Standefer treated Ms. Smith for her back problems and ultimately concluded that she had a 9% impairment to the body as a whole. He noted that she had persistent low back and right hip pain as well as neck and shoulder pain. After conducting diagnostic tests, Dr. Standefer diagnosed a small disc herniation in addition to degenerative changes. He testified that "the degenerative changes definitely preceded the July, 1993 accident."

In denying permanent anatomical benefits, the Commission did not find that Ms. Smith was not permanently anatomically impaired. Rather, it determined that the compensable injury was not the major cause of any permanent impairment. Arkansas Code Annotated § 11-9-102(5)(F)(ii) (Repl. 1996) provides:

(a) Permanent benefits shall be awarded only upon a determination that the compensable injury was the major cause of the disability or impairment.

(b) If any compensable injury combines with a preexisting disease or condition or the natural process of aging to cause or prolong disability·or a need for treatment, permanent benefits shall be payable for the resultant condition only if the compensable injury is the major cause of the permanent disability or need for treatment.

Arkansas Code Annotated § 11-9-102(14) defines "major cause" as "more than fifty percent (50%) of the cause." The Commission determined that Ms. Smith failed to prove entitlement to benefits for her anatomical impairment rating because she failed to prove that her compensable injury was the major cause of this impairment. Ms. Smith asserts that this finding was erroneous.

We find that substantial evidence supports the Commission's finding that Ms. Smith's compensable injury was not the major cause of her permanent impairment. Dr. Standefer, as well as another treating physician, opined that Ms. Smith's complaints of pain were caused by degenerative changes. Although Dr. Standefer concluded that Ms. Smith's back condition was aggravated by her work-related injury, he stated that he would have given Ms. Smith the same work restrictions solely on the basis of the degenerative changes which preceded her injury. Based on this testimony, the

Commission concluded that Ms. Smith's permanent condition was more a result of degeneration than an isolated incident. We find no error in this finding, and thus affirm the Commission's denial of benefits for a permanent impairment.

■ Ms. Smith's remaining argument is that, even if she is not entitled to permanent impairment benefits, she should have been given wage-loss benefits. She relies on Arkansas Code Annotated § 11-9-522(b)(1) (Repl. 1996) which provides:

> In considering claims for permanent partial disability benefits in excess of the employee's percentage of permanent physical impairment, the commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his future earning capacity.

Without now deciding whether a claimant may ever be entitled to wage-loss benefits in the absence of a compensable physical impairment, we believe Ark. Code Ann. § 11-9-102(5)(F)(ii)(a), quoted above, is dispositive of Ms. Smith's claim. Consequently, because there is substantial evidence to support the Commission's determination that Ms. Smith's compensable injury was not the major cause of her disability she can not be entitled to permanent benefits.

Affirmed.

ROGERS and NEAL, JJ., agree.