Christine M. JONES *v.* Jerry A. JONES

97-212                                                944 S.W.2d 121

Supreme Court of Arkansas
Opinion delivered May 27, 1997

*McNutt Law Firm*, by: *Mona J. McNutt*, for petitioner.

*Lueken Law Firm*, by: *Patty Lueken* and *Helen Rice Grinder*, for respondent.

PER CURIAM. The parties' actions in this continuing custody battle have become repetitive and frivolous. *Jones v. Jones*, 326 Ark. 481, 931 S.W.2d 767 (1996) (*Jones I*); *Jones v. Jones*, 326 Ark. 828, 923 S.W.2d 810 (1996) (*Jones II*); *Jones v. Jones*, 327 Ark. 195, 938 S.W.2d 228 (1997) (*Jones III*); *Jones v. Jones*, 328 Ark. 97, 940 S.W.2d 881 (1997) (*Jones IV*). Although Ms. Jones requested sanctions against Dr. Jones in *Jones III*, we denied granting them, but did award her $8,000.00 in attorneys' fees. Considering Dr. Jones's and his counsel's most recent actions, we are of the opinion that Dr. Jones and his counsel should be ordered to show cause why sanctions should not be imposed on them.

In *Jones IV*, Ms. Jones filed a petition for writ of prohibition, stating Dr. Jones was attempting to retry the same custody issue previously decided in *Jones I*. Because the chancellor indicated he might permit Dr. Jones to do so, Ms. Jones asked this court to declare that the chancery court was without jurisdiction to proceed in such a retrial. We denied Ms. Jones's request, but in doing so, we handed down a per curiam opinion that clearly emphasized the parties' custody dispute had been decided in *Jones I*, and instructed the chancellor that he should only consider facts indicating a material change in circumstances, arising since the last custody order. In the *Jones IV* opinion, we made it clear that, while we were holding that the chancery court did have jurisdiction of the parties' case, we were not countenancing relitigation of the custody issue decided in *Jones I*. Some examples of this court's instructions and admonitions to the parties and counsel in *Jones IV* are noteworthy and read as follows:

> While we deny Ms. Jones's petition, we are obliged to underscore certain matters contained in this court's previous decision handed down on November 6, 1996, especially since this court had to take the extraordinary step to enforce its mandate by a subsequent per curiam. That per curiam was necessary because, for whatever reason, the chancery court failed to reinstate the parties' original custody order. Because we believed that this court's opinion and instructions were perfectly clear, we issued a simple "forthwith" order directing the chancery court's compliance. The chancery court then complied.

> Because of the continuing controversies involving this matter, we reiterate the well-established rule that when this court remands a case to chancery court with directions, the chancery court has no power to enter any decree except that directed, and it has no power to change or extend this court's mandate. *See Ferguson v. Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). In this same vein, we remind the parties that, *in the appeal decided November 4, 1996, this court conducted a de novo* review of the chancellor's custody decision, and in doing so, the court specifically stated that child custody is determined by what is in the "best interests" of the child, and it is not altered absent a material change in circumstances. In deciding the child custody issue, this court reviewed in lengthy detail the evidence offered at trial, including Ms. Jones's move to Little Rock, Dr. Jones's remarriage, and the

child's emotional needs. In considering the child's emotional needs, the opinion related the competing views and opinions of four expert witnesses, concerning Ms. Jones's mental and emotional stability.[1] After a full discussion of the parties' respective evidence, this court concluded [in *Jones I*] as follows:

> In sum, when viewing together the repeated entry of *ex parte* orders, the erroneous shift of the burden to Christine Jones to prove her emotional stability, and the chancellor's faulty reliance on her move to Little Rock and Dr. Jones's remarriage as material changes in circumstances, we must conclude that the chancellor's decision to change custody to Dr. Jones was clearly erroneous.

Simply put, *this court [in Jones I]* held the chancellor was clearly wrong in ruling Dr. Jones had proven that a material change of circumstances existed, and a transfer in custody was warranted.

\* \* \*

> Having given the foregoing salutary statements, we remain of the opinion that evidence regarding Dr. Jones's petition for modification must first be appropriately addressed below. In deciding the modification question, *we emphasize that the chancellor should only consider facts arising since the last custody order, or evidence that has not been previously presented to the chancellor. See Jones*, 326 Ark. at 491; *Stamps v. Rowlins*, 297 Ark. 370, 761 S.W.2d 933 (1988). We deny Ms. Jones's petition. (Emphasis added.)

Despite this court's patience and best efforts to explain that Dr. Jones and counsel cannot retry the custody issue decided in *Jones I*, Jones's counsel continue their argument that this court has never decided the substantive issue of custody, and this court in *Jones IV* was wrong in declaring that it had. Considering this court's clear decision in *Jones IV*, it is this last argument offered by counsel that appears frivolous and without legal basis.

■ This court has allowed Dr. Jones and his counsel considerable latitude in presenting and arguing their case, but counsel's past actions and especially the present argument set out in Dr.

---

[1] *We note that, while the concurring opinion suggests this court did not consider the parties' child's emotional needs, the court thoroughly dealt with this issue in its original opinion under the caption "Cameron's emotional needs." See Jones*, 326 Ark. at 491, 931 S.W.2d at 772. (Emphasis added.)

Jones's petition exhibit a clear reluctance to comply with this court's decisions and mandates, and instead offer what appear to be frivolous and argumentative assertions. Accordingly, we feel obliged to invoke Rule 11 of our Arkansas Rules of Appellate Procedure—Civil and in doing so, order Dr. Jones and his counsel to show cause why sanctions should not be imposed against them. Dr. Jones's and counsels' written response(s) shall be filed with the clerk of this court within ten days of this per curiam.