WAL-MART STORES, INC. *v.* Doris CONNELL

99-727                                              10 S.W.3d 882

Supreme Court of Arkansas
Opinion delivered March 2, 2000

*Bassett Law Firm*, by: *Angela M. Doss*, for appellant.

*Walker, Shock, Harp, & Hill, P.L.L.C.*, by: *Eddie H. Walker, Jr.*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Wal-Mart Stores, Inc., brings the instant appeal challenging a decision of the Workers' Compensation Commission awarding appellee, Doris Connell, permanent partial-disability benefits and wage-loss benefits in the absence of a percentage rating for permanent physical impairment. In an unpublished decision dated June 9, 1999, the Arkansas Court of Appeals affirmed the Commission's decision. *See Wal-Mart Stores, Inc. v. Doris Connell*, CA 98-1451, slip op. at 4, 5-6 (Ark. App. June 9, 1999). Pursuant to Ark. Sup. Ct. R. 2-4 (1999), we granted review of the appellate court's decision. Viewed in the light most favorable to the Commission's decision, we hold that substantial evidence does not support the award of permanent partial-disability benefits and wage-loss disability benefits. Accordingly, we reverse the Commission's decision because we agree with appellant that these disability benefits may not be awarded absent a finding of a specific percentage of permanent physical impairment.

*Background*

The parties agree that on July 22, 1994, Connell sustained a compensable injury to her right knee consisting of a tear of the medial meniscus in the area of the anterior horn. Dr. John Mertz performed arthroscopic surgery in January 1995 and assigned an eight percent permanent impairment rating to Connell's lower-

right extremity. Subsequently, Connell was diagnosed with Reflex Sympathetic Dystrophy (RSD), a type of chronic pain syndrome. After reviewing Connell's claim for permanent disability benefits at a hearing on December 5, 1997, the Administrative Law Judge found that she was entitled to temporary total-disability benefits. The ALJ also awarded Connell (1) permanent disability benefits attributable to the eight percent permanent physical-impairment rating to the leg, between the hip and the knee, and (2) permanent partial-disability benefits attributable to her RSD, in the amount of thirty percent to the body, as a whole. Wal-Mart appealed the ALJ's decision.

After conducting a *de novo* review of the entire record, the Full Workers' Compensation Commission affirmed the ALJ's findings with one modification. Namely, the Commission reduced Connell's permanent partial-disability benefit attributable to RSD to fifteen percent to the body, as a whole. In support of its decision, the Commission cited appellee's lack of motivation to return to work in light of her prior experience in light sales and as a beautician. Subsequent to the Commission's determination, Wal-Mart appealed the award of permanent partial-disability benefits to the Arkansas Court of Appeals.

In particular, appellant argued that the Commission's decision to award permanent disability benefits for the RSD was not supported by substantial evidence. Also, appellant challenged the award of wage-loss benefits in the absence of a permanent anatomical-impairment rating. Connell cross-appealed, contending that the Commission erred by reducing the permanent partial-disability-benefit award. Affirming the Commission's decision, the Court of Appeals reasoned that the Commission did not err by awarding Connell wage-loss disability in light of her age, education, and physical condition, and because there was a finding of "some" degree of permanent physical impairment.

■■ From the appellate court's decision affirming the Commission, comes the instant appeal. Notably, when we grant a petition to review a case decided by the Court of Appeals, we review it as if it was filed originally in this court. *See Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997) (citing *Allen v. State*, 326 Ark. 541, 932 S.W.2d 764 (1996)). On appeal, this court will view the evidence in the light most favorable to the Commission's decision

and affirm when that decision is supported by substantial evidence. *Ester v. National Home Ctrs., Inc.*, 335 Ark. 356, 361, 981 S.W.2d 91 (1998) (citing *Golden v. Westark Community College*, 333 Ark. 41, 969 S.W.2d 154 (1998); *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997)). Substantial evidence exists if reasonable minds could reach the same conclusion. *Id.* Moreover, we will not reverse the Commission's decision unless fair-minded persons could not have reached the same conclusion when considering the same facts. *Id.*

*Section 11-9-522(b)(1)*

■ The sole point before us questions whether the Commission erred by awarding Connell permanent partial-disability benefits and wage-loss disability benefits, related to her RSD, in the absence of a permanent anatomical-impairment rating. The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Sapp v. Phelphs Trucking, Inc.*, 64 Ark. App. 221, 984 S.W.2d 817 (1998). To be entitled to any wage-loss disability benefit in excess of permanent physical impairment, a claimant must first prove, by a preponderance of the evidence, that she sustained permanent physical impairment as a result of a compensable injury. *Smith v. Gerber Prods.*, 54 Ark. App. 57, 922 S.W.2d 365 (1996).

In the instant case, the Commission found that Connell had presented "objective and measurable physical findings" and had proven, based upon the greater weight of the credible evidence presented, the existence of "*some* degree of permanent physical impairment or loss of body function as a result of the effects of the compensable consequence or complication of RSD." However, the Commission conceded that the "actual extent or degree" of the permanent physical impairment could not be calculated in accordance with Arkansas statutory requirements. Accordingly, it found that "no award of permanent benefits be made for a permanent physical impairment attributable to the claimant's compensable complication of RSD."

■ In conflict with its finding that "no award of permanent benefits" could be made, the Commission proceeded to award Connell permanent partial disability in the amount of fifteen per-

cent to the body as a whole. The Commission reasoned that Connell was entitled to permanent benefits pursuant to Ark. Code Ann. section 11-9-522(b) for her permanent partial disability or loss of wage-earning capacity. In response to the Commission's contradictory findings, appellant argues that the failure to assign a *specific percentage* of permanent physical impairment precluded an award of permanent partial-disability benefits and wage-loss benefits. We agree.

The statute at issue, Ark. Code Ann. section 11-9-522(b)(1) (Supp. 1999), provides:

> In considering claims for permanent partial disability benefits *in excess of the employee's percentage of permanent physical impairment,* the commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his future earning capacity.

(Emphasis added.) The Commission's interpretation implies that a specific percentage rating is inconsequential when there is "some" evidence of physical impairment. Further, the Commission's decision suggests that some evidence of Connell's impairment, standing alone, invites consideration of the remaining factors, such as her age, education, and work experience. However, pursuant to the plain language of section 11-9-522(b)(1), "the percentage" of permanent physical impairment *must* be established before the Commission can consider a claim for permanent partial-disability benefits "in excess of the employee's percentage" of permanent physical impairment. Similarly, any consideration of "the employee's age, education, work experience, and other matters reasonably expected to affect his earning capacity" may not occur until the Commission has first determined "the percentage" of permanent physical impairment.

Here, the Commission never determined Connell's percentage of permanent physical impairment attributable to her RSD, acknowledged that it lacked a statutory basis to make a specific impairment rating in this case, and yet made an award for permanent partial-disability benefits and wage-loss benefits. Viewed in the light most favorable to the Commission's decision, we cannot say that fair-minded persons could have reached the same conclusion when considering the same facts. We find that the statutory barriers

that prevented the Commission from assigning a specific impairment rating and foreclosed an award of permanent benefits were nothing less than fatal to Connell's claim for wage-loss disability benefits. Accordingly, we reverse the Commission's award of permanent partial-disability benefits and wage-loss disability benefits.

CORBIN, J., not participating.