Brenda RUTHERFORD *v.* MID-DELTA COMMUNITY SERVICES, INC., AIG Claims Services, and Death & Permanent Total Disability Trust Fund

CA 07-1175 285 S.W.3d 248

Court of Appeals of Arkansas
Opinion delivered May 28, 2008

*Daggett, Donovan & Perry, PLLC*, by: *Jesse B. Daggett*, for appellant.

*Laser Law Firm, P.A.*, by: *Frank B. Newell*, for appellees.

JOHN B. ROBBINS, Judge. This is a workers' compensation case. Appellant Brenda K. Rutherford was hurt in an admittedly compensable work-related accident in June 2002, while she was driving a vehicle for her employer, appellee Mid-Delta Community Services, Inc. She received medical treatment and other benefits until her healing period ended in March 2006. At that point, the parties could not agree on the extent, if any, of her permanent disability. Appellant presented a claim for permanent total disability (PTD) as defined by Arkansas workers' compensation laws, which was resisted by the employer. The administrative law judge found her to be permanently totally disabled. The employer appealed, and on de novo review, the Commission found that appellant sustained no ratable permanent partial impairment to any part of her body, and that this barred any claim for permanent disability, including PTD.

Appellant appeals, asserting a single legal issue for our resolution: is a permanent partial impairment rating a prerequisite to a claim for PTD? If not, then this case must be remanded back to the Commission for it to render findings of fact on this issue, but if so, then the Commission's decision must be affirmed. We hold that pursuant to the present Workers' Compensation Act, a

permanent partial impairment rating or a ratable condition is not a prerequisite to consideration of a claim for PTD. Thus, we reverse and remand for the Commission to reconsider this claim.

Beginning with *Glass v. Edens*, 233 Ark. 786, 346 S.W.2d 685 (1961), the wage-loss factor was defined, distinguished from solely anatomical loss, as the extent to which a compensable injury had affected the claimant's ability to earn a livelihood. *See also Rooney & Travelers Insurance Co. v. Charles*, 262 Ark. 695, 560 S.W.2d 797 (1978); *Sapp v. Phelphs Trucking, Inc.*, 64 Ark. App. 221, 225, 984 S.W.2d 817, 819 (1998). Attendant factors relevant to that query include medical evidence, age, education, experience and other circumstances reasonably related to a claimant's earning power. *Perry v. Mar-Bax Shirt Co.*, 16 Ark. App. 133, 698 S.W.2d 302 (1985). This is noted in the code section relevant to PTD, where it is required that PTD "shall be determined in accordance with the facts." Ark. Code Ann. § 11-9-519(c) (Repl. 2002).

Our workers' compensation law specifically defines "disability" to mean "incapacity because of compensable injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the compensable injury." Ark. Code Ann. § 11-9-102(8) (Repl. 2002). The code specifically defines "permanent total disability" to mean "inability, because of compensable injury or occupational disease, to earn any meaningful wages in the same or other employment." Ark. Code Ann. § 11-9-519(e)(1). Our legislature has set forth that with regard to permanent *partial* disability (PPD), there must first be an impairment rating, *i.e.*, a physical manifestation of permanent injury, before consideration of PPD will ensue. This rule regarding PPD is found at Ark. Code Ann. § 11-9-522(b)(1), which provides:

> In considering claims for permanent partial disability benefits in excess of the employee's percentage of permanent physical impairment, the Workers' Compensation Commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his future earning capacity.

That an impairment rating was required in the context of a permanent *partial* disability claim was made case law in *Wal-Mart Stores, Inc. v. Connell*, 340 Ark. 475, 479, 10 S.W.3d 882, 884 (2000), where it was held by our supreme court that:

[A]ny consideration of "the employee's age, education, work experience, and other matters reasonably expected to affect his earning capacity" may not occur until the Commission has first determined "the percentage" of permanent physical impairment.

■ There is an entirely different statute in play when the issue is PTD. Arkansas Code Annotated section 11-9-519 sets forth the law on that subject, and appellant argues that the only statutorily required proof for PTD set out in subsection (c) is that PTD "shall be determined in accordance with the facts." Appellant argues that this statute does not mention permanent impairment to the body anywhere else in that code section, with the exception of subsection (g), which speaks only to the adoption of an impairment-rating guide by the Commission. Thus, appellant argues that strictly construing the statutes, as we must, there is no statutory requirement in making a PTD determination that a claimant must have an impairment rating established by the medical evidence. We agree.[1]

We review issues of statutory construction de novo, and we look to the plain language of a statute in determining legislative intent. *See Great Lakes Chemical Corp. v. Bruner*, 368 Ark. 74, 243 S.W.3d 285 (2006). The basic rule of statutory construction is to give effect to the intent of the legislature. *Ward v. Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005); *Arkansas Tobacco Control Bd. v. Santa Fe Natural Tobacco Co., Inc.*, 360 Ark. 32, 199 S.W.3d 656 (2004). We are duty-bound to provide strict construction to the Workers' Compensation Act. Ark. Code Ann. § 11-9-704(c)(3).

Act 796 of 1993 made significant changes in the workers' compensation statutes and the manner in which workers' compensation claims are to be resolved. *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002). The doctrine of strict construction directs us to use the plain meaning of the statutory language. *Wallace v. West Fraser South, Inc.*, 365 Ark. 68, 225 S.W.3d 361 (2006). We are mandated in our interpretation not to broaden or narrow the scope of Act 796 of 1993. *Id.* Strict construction means

---

[1] We do not know why the legislature requires an impairment rating in a claim for permanent *partial* disability arising from an unscheduled injury, but not in a claim for permanent *total* disability. In a claim such as Ms. Rutherford's, where the claimant is contending that her wage-loss is 100%, the percentage of anatomical impairment pursuant to the AMA Guides is not essential.

narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Elam v. Hartford Fire Ins. Co.,* 344 Ark. 555, 568, 42 S.W.3d 443, 451 (2001).

 In short, appellant is correct in that the relevant statute does not require a permanent impairment rating or ratable condition. We impermissibly expanded the meaning of section 11-9-519 in *Wren v. Sanders Plumbing Supply,* 83 Ark. App. 111, 117 S.W.3d 657 (2003), to require such a rating in a claim for PTD. *Wren* involved a claim for PTD and we held that, "Without such a rating, a claimant is not entitled to permanent disability benefits or wage-loss benefits." Our cited authority for this statement was *Wal-Mart Stores, Inc. v. Connell, supra,* discussed above, which clearly addressed a claim for permanent *partial* disability. We overrule *Wren* on this particular point.

The Commission's decision denying appellant's claim for PTD benefits is hereby reversed, and this case is remanded for further proceedings, including, *inter alia,* whether appellant is totally and permanently unable to earn any meaningful wages in the same or other employment, and, if so, whether her compensable injury is the major cause of such disability.

Reversed and remanded.

GLADWIN, MARSHALL, and BAKER, JJ., agree.

PITTMAN, C.J., and GRIFFEN, J., concur in part; dissent in part.

JOHN MAUZY PITTMAN, Chief Judge, concurring in part, dissenting in part. I agree with the majority's decision that the Commission erred. I write separately, however, because I differ with the majority's holding that anatomical impairment is not a necessary element of permanent total disability.

It is true, as the majority notes, that an anatomical impairment is expressly required by the Act in cases of permanent partial disability, but is not mentioned with regard to permanent total disability. *Compare* Ark. Code Ann. §§ 11-9-522(b)(1) and 11-9-519(c) (Repl. 2002). It is also true that section 11-9-519(c) states that permanent total disability shall be determined "in accordance with the facts." Nevertheless, it does not follow that no showing of anatomical impairment is necessary in cases of permanent total disability.

The direction in section 11-9-519(c) that permanent total disability should be decided "in accordance with the facts" cannot be read in isolation. It must, instead, be read in light of the subsection immediately preceding it, § 11-9-519(b), which establishes a rebuttable presumption of permanent total disability in cases where certain scheduled injuries are combined. Section 11-9-519(c)'s subsequent statement that "[i]n all other cases, permanent total disability shall be determined in accordance with the facts" simply means that the rebuttable presumption does not apply in situations other than those specified in § 11-9-519(b).

The majority places great stock in the statement that cases of permanent total disability are to be determined on the facts. But that statement immediately poses the truly important question: Which facts? And the answer, to my mind, is to be found in the definition of "disability."

Arkansas Code Annotated § 11-9-102(7) (Repl. 2002) defines "disability" as incapacity *because of compensable injury* to earn the same wage that the worker was receiving at the time of the injury. Because "a compensable injury" is defined as something causing *physical harm to the body, see* Ark. Code Ann. § 11-9-102(4)(A) (Repl. 2002), there can in normal circumstances be no permanent disability in the absence of continuing bodily harm,[1] *i.e.*, physical impairment. We have expressly held that, although the definition of "disability" fails to include any specific reference to physical impairment, both physical and earning impairment are components of "disability" Arkansas law. *Golden v. Westark Community College*, 58 Ark. App. 209, 948 S.W.2d 108 (1997), *rev'd in part on other grounds*, 333 Ark. 41, 969 S.W.2d 154 (1998). Simply put, the "facts" that must appear in order to support an award of permanent total disability include continuing anatomical impairment because physical impairment is included within the definition of disability.

Therefore, although I agree that this case must be reversed, I must dissent because I differ with the majority regarding the law to be applied on remand. I would hold that a finding of continuing anatomical impairment is necessary to support an award of perma-

---

[1] Even mental illness arising out of and in the course of employment is compensable only when caused by a physical injury to the employee's body, the sole exception being where the mental illness is caused by a crime or violence. *See* Ark. Code Ann. § 11-9-113(a)(1) (Repl. 2002).

nent total disability, but that the Commission erred in refusing to find anatomical impairment in this case simply because it was unable or unwilling to find an impairment that is ratable under the *Guides* adopted by the Commission.

There was overwhelming evidence that appellant suffers continuing physical impairment in this case that is directly attributable to appellant's compensable injury. Before she was hit by a train while working for her employer, she could and did perform prodigious physical labor despite her many preexisting infirmities. There was considerable evidence that she became physically deconditioned during her long recovery to such an extent that she was unable to regain the physical abilities that she possessed prior to her compensable injury. If believed, this would plainly be an "anatomical impairment" resulting from her compensable injury under Arkansas law; whether such an anatomical impairment is ratable by this Commission under their *Guides* is completely immaterial and is not a rational basis for denying this woman relief. The substantive law is to be found in the Workers' Compensation Act as enacted by the General Assembly and interpreted by the Arkansas judiciary, not in a set of guides adopted and interpreted by administrative functionaries. *Singleton v. City of Pine Bluff*, 102 Ark. App. 305, 285 S.W.3d 253 (2008). If the *Guides* do not provide an express rating for an anatomical impairment, it is Commission's duty to arrive at such a rating by reasonable analogy or to amend the *Guides* accordingly.

GRIFFEN, J., joins in this opinion.