Jimmy F. SINGLETON *v.* CITY of PINE BLUFF

CA 07-1163                                              285 S.W.3d 253

Court of Appeals of Arkansas
Opinion delivered May 28, 2008

*The Harper Law Office, PLLC,* by: *Kenneth A. Harper,* for appellant.

*J. Chris Bradley,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. This case is before us for the second time. The appellant was employed by the City of Pine Bluff as a police officer. While acting in the course and within the scope of that employment on March 1, 2003, appellant was struck on the right side of the head and shot in the left ankle by a felon. He was provided medical benefits and subsequently filed a claim asserting that he was entitled to disability benefits for his injuries. The Arkansas Workers' Compensation Commission found that he failed to prove that he sustained a compensable anatomical impairment or wage-loss disability and denied his claim. On the first appeal, we held that the Commission erred in rejecting all evidence that did not constitute an objective finding and remanded for the Commission to make new findings based on our holding. *Singleton v. City of Pine Bluff*, 97 Ark. App. 59, 244 S.W.3d 709 (2006). The Commission has conducted further proceedings, entered a new order, and the case is once again before us.

The Commission has not complied with our mandate. A "mandate" is the official notice of action of the appellate court, directed to the court or administrative agency below, advising of the action taken by the appellate court, and directing the lower court or agency to have the appellate court's judgment duly recognized, obeyed, and executed. *Johnson v. State*, 366 Ark. 390, 235 S.W.3d 872 (2006). It is a fundamental rule that every lower tribunal is bound to honor rulings in the case by superior courts and has no power or authority to deviate from the mandate issued by an appellate court. *Id.* Instead, the tribunal below must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces; where a remand limits the issues for determination, the court on remand is precluded from considering other issues, or new matters, affecting the cause. *Id.* When a case is remanded for a specific act, the entire case is not reopened, but rather the lower tribunal is only authorized to carry out the appellate court's mandate. *Id.* These rules apply both to trial courts and to the Workers' Compensation Commission. *Bussell v. Georgia-Pacific Corp.*, 64 Ark. App. 194, 981 S.W.2d 98 (1998).

Matters decided on our prior appeal are the law of the case and govern our actions on the present appeal to the extent that we would be bound by them even if we were now inclined to say that we were wrong in those decisions. *Lunsford v. Rich Mountain Electric Co-op*, 38 Ark. App. 188, 832 S.W.2d 291 (1992). We are not so inclined.

The mandate in our prior decision reversed for the reasons set out in our opinion, *i.e.*, that the Commission had erroneously and arbitrarily ignored all medical proof that did not constitute an "objective finding" in arriving at its decision. We remanded for the Commission to make new findings of fact consistent with the law as expressed in our opinion. Instead of making additional findings of fact as directed, the Commission ignored our mandate and denied relief on the same theory of law that we held to be erroneous in our prior opinion, justifying this refusal to comply with our mandate on the legal theory that compensability was decided by the *Guides* it had adopted, rather than by the provisions of the Arkansas Workers' Compensation Act as interpreted by this court. Although it "recognized" in its opinion that we had expressly held that objective medical evidence was not necessary to prove each and every element of compensability, the Commission stated that it had adopted the Fourth Edition of the *Guides to the Evaluation of Permanent Impairment* as an impairment rating guide, stated that it had done so pursuant to authority vested in it by the legislature, and denied benefits on the ground that "[t]here is not a single table or figure in [the *Guides*] which allows the Commission to assign a permanent anatomical impairment to the instant claimant's left ankle in accordance with the relevant standards of Act 796 of 1993."

This is not a proper basis for denying relief. Although the Commission is authorized pursuant to Ark. Code Ann. § 11-9-521(h) (Repl. 2002) to "adopt an impairment rating guide to be used in the assessment of anatomical impairment," the Commission has no authority to adopt a guide that changes the definition of compensable injury as established by the legislature and interpreted by the Arkansas judiciary.[1] The Arkansas Constitution of 1874 separates the functions of the three departments of state government and prohibits any person or collection of persons belonging to one department from exercising any power belonging to either of the others, except as expressly provided. *Oates v.*

---

[1] "The courts must ultimately interpret and apply any constitutional and statutory provisions limiting or otherwise affecting agency action. The courts must ultimately determine all questions of law related to agency action, including the legal sufficiency of the evidence supporting agency determinations of fact. The courts must act as the ultimate guardians against arbitrary and capricious agency action." L. Scott Stafford, *Separation of Powers and Arkansas Administrative Agencies: Distinguishing Judicial Power and Legislative Power*, 7 U. Ark. Little Rock L.J. 279, 353 (1984).

*Rogers*, 201 Ark. 335, 144 S.W.2d 457 (1940). There is no constitutional provision permitting the Workers' Compensation Commission to usurp the function of the judiciary. The *Guides* are just that: mere guides to aid the Commission in assessing the degree of a claimant's disability as defined by statute and interpreted by the courts. If those *Guides* do not contain an express method of rating an injury that is compensable pursuant to Arkansas law, the Commission must adopt a reasonable method of doing so.

■ The Arkansas Workers' Compensation Commission is not an appellate court. *White v. Air Systems, Inc.*, 33 Ark. App. 56, 800 S.W.2d 726 (1990). It is, instead, the fact finder, and as such its duty and statutory obligation is to make specific findings of fact, on de novo review based on the record as a whole, and to decide the issues before it by determining whether the party having the burden of proof on an issue has established it by a preponderance of the evidence. *Id.* Because the Commission did not make additional findings of fact as it was directed to do in our prior opinion, we are required to take the extraordinary step of issuing an additional opinion to enforce our original mandate. *See Jones v. Jones*, 328 Ark. 684, 944 S.W.2d 121 (1997).

The Workers' Compensation Act is expressly intended to provide timely disability benefits for injured workers. Ark. Code Ann. § 11-9-1001 (Repl. 2002). The Act is a remedial one, and the speedy provision of appropriate benefits is of such importance that the General Assembly has provided that appeals from the Commission to this court are expedited and take precedence over other civil appeals. Ark. Code Ann. § 11-9-711(b)(2) (Supp. 2007). Should the Commission, on remand, again refuse to comply with our mandate, recourse may be had to enforcement by the Arkansas Supreme Court through writ of certiorari. *See Fulkerson v. Thompson*, 334 Ark. 317, 974 S.W.2d 451 (1998).

Reversed and remanded with directions.

BIRD and VAUGHT, JJ., agree.