Linda PARSON *v.* ARKANSAS METHODIST HOSPITAL
and Arkansas Property & Casualty Guaranty Fund

CA 07-1185 287 S.W.3d 645

Court of Appeals of Arkansas
Opinion delivered September 24, 2008

*Orr Willhite, PLC,* by: *M. Scott Willhite,* for appellant.

*Mark Alan Peoples, PLC,* for appellees.

JOHN B. ROBBINS, Judge. This is the second appeal in this workers' compensation case. In the first appeal, we reversed and remanded the Commission's decision denying compensability for a *mental* injury, and instructed the Commission to address appellant Linda Parson's claim that she suffered a closed-head *physical* injury. *See Parson v. Arkansas Methodist Hospital,* CA 06-1223 (Ark. App. June 20, 2007) (unpublished). In that opinion, we advised the Commission to

analyze the claim under *Wentz v. Service Master,* 75 Ark. App. 296, 57 S.W.3d 753 (2001), and *Watson v. Tayco, Inc.,* 79 Ark. App. 250, 86 S.W.3d 18 (2002). On remand, the Commission found that Ms. Parson failed to establish a compensable physical injury to her brain, and Ms. Parson again appeals. In this appeal, Ms. Parson argues that the Commission erred in failing to find that she sustained a physical injury to her brain, and erred in failing to award related medical benefits as well as benefits for a permanent impairment and permanent partial wage-loss disability. We affirm.

The standard of review for appeals from the Workers' Compensation Commission is well-settled. On appeal, this court will view the evidence in the light most favorable to the Commission's decision and affirm when that decision is supported by substantial evidence. *Crudup v. Regal Ware, Inc.,* 341 Ark. 804, 20 S.W.3d 900 (2000). Where the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires us to affirm if the Commission's decision displays a substantial basis for the denial of relief. *Id.* A substantial basis exists if fair-minded persons could reach the same conclusion when considering the same facts. *Id.*

As we recited in our initial opinion, appellant Linda Parson sustained an admittedly compensable injury while working as a nurse for appellee Arkansas Methodist Hospital on October 29, 2001. On that date, she fell and hit her head on a desk, resulting in bruising and black eyes. The appellee provided medical treatment for Ms. Parson's injuries through 2004, but subsequently controverted her claim that she suffered a brain injury and was entitled to permanent disability benefits.

Ms. Parson testified that she continues to suffer from memory loss and attention-span problems as a result of the accident. She also stated that she has experienced near-syncope episodes and that she has headaches every day, which she did not have prior to October 29, 2001. Ms. Parson indicated that she can no longer perform her duties as a nurse due to her memory problems.

Dr. Demetrius Spanos, a neurologist, has been treating Ms. Parson since February 2002. Dr. Spanos assigned a 35% permanent impairment rating based on Ms. Parson's cognitive decline, and an additional 35% for her headaches. Dr. Spanos explained that the cognitive decline was measured by two neuropsychological examinations conducted by Dr. Dan Johnson in 2002 and 2004. Dr. Spanos testified that "each test is three and one half hours long and

I don't understand how they do it because I don't perform them, but there is a validity portion to make sure the patient is not malingering or trying to fake symptoms." The tests measure such things as verbal skills, memory skills, and the intelligence quotient, which are evaluated through a question-and-answer session. Dr. Spanos stated that these neuropsychological tests "are so lengthy and so convoluted in the way they are done that I accept them as objective." Dr. Spanos conceded that "obviously [Dr. Johnson] can be fooled" but thought it would be hard for a patient to fool him.

An MRI of the brain was performed subsequent to Ms. Parson's accident, and Dr. Spanos acknowledged that the MRI results did not show an objective sign of a traumatic injury. He further testified that an EEG test revealed no abnormalities. However, Dr. Spanos explained:

> Just because there was no abnormal result shown on the MRI does not mean there was no injury to the brain or nervous system. Closed head injuries often show normal results . . . . MRI's and EEG's can be normal and yet the patient has symptoms from the head injury. There is some semblance of taking the patient at face value.

Arkansas Code Annotated section 11-9-102(4)(D) (Supp. 2007) provides, "A compensable injury must be established by medical evidence supported by objective findings as defined in subdivision (16) of this section." Objective findings are defined as "those findings which cannot come under the voluntary control of the patient." Ark. Code Ann. § 11-9-102(16)(A)(i) (Supp. 2007). The Commission found that Ms. Parson failed to prove compensability for a brain injury because there were no objective findings to support the injury as required by statute. Consistent with our directive on remand, the Commission analyzed this case under *Wentz, supra,* and *Watson, supra,* and noted our holding in *Watson* that neuropsychological testing standing alone is not sufficient evidence of a brain injury; there must be some other objective evidence of such an injury. Because the two neuropsychological tests performed by Dr. Johnson do not constitute objective findings under our *Watson* holding, and there were no other objective findings to support the existence of a brain injury, the Commission denied compensability.

The Commission's decision further denied Ms. Parson's claim for any permanent anatomical impairment, finding that she

failed to satisfy the provisions of Ark. Code Ann. § 11-9-704(c)(1)(B) (Repl. 2002), which provides, "Any determination of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings." Because Ms. Parson failed to prove that she sustained any compensable permanent anatomical impairment, the Commission accordingly found that she was not entitled to any wage-loss disability. *See Wal-Mart Stores, Inc. v. Connell*, 340 Ark. 475, 10 S.W.3d 882 (2000).

On appeal, Ms. Parson argues that the Commission erred in finding that she failed to establish a compensable brain injury. Ms. Parson submits that, contrary to the Commission's decision, there were objective findings to support her claim. She notes that the original emergency-room report documented a soft-tissue injury to the head and knees, resulting in a hematoma to the left forehead and facial contusions. These are objective findings because they cannot come under the voluntary control of the patient. Ms. Parson further relies on the medical diagnosis that she suffered a concussion as an objective finding to support an injury. She asserts that this case is more like *Wentz, supra*, than *Watson, supra*. In *Wentz*, we held that there were objective findings to support a compensable brain injury beyond the results of the neuropsychological testing, and indicated that the diagnosis of a concussion was among those objective findings. In the present case, Ms. Parson argues that reasonable minds could only conclude that she suffered a compensable brain injury in light of the objective findings and results of the neuropsychological tests.

█ █ We hold that the Commission committed no error in denying appellant's claim for a compensable closed-head injury. Neuropsychological testing, without more, is not adequate to establish an organic brain injury by "objective findings" within the meaning of Ark. Code Ann. § 11-9-102(4)(D). *Rippe v. Delbert Hooten Logging*, 100 Ark. App. 227, 266 S.W.3d 217 (2007) (citing *Watson, supra*). In the present case, the facial hematoma (swelling containing blood) and contusions (bruising) are undisputedly objective findings, but they only support the injury to appellant's head for which the appellees have already paid compensation. These findings are not sufficient to support a compensable injury to appellant's brain. Ms. Parson correctly asserts that she was also diagnosed with a concussion after the accident, but such a diagnosis without more does not constitute an objective finding. A concussion is "a jarring injury of the brain resulting in disturbance

of cerebral function." *Webster's Ninth New Collegiate Dictionary* 273 (1991). There was nothing about Ms. Parson's diagnosis of a concussion to demonstrate that the diagnosis was based on anything other than subjective criteria. The evidence suggesting that Ms. Parson sustained a closed-head injury was found in the neuropsychological testing and appellant's own testimony regarding her symptoms, but because there was no other objective evidence establishing a brain injury, we hold that there was a substantial basis for the Commission's denial of compensability. Because our decision is contrary to the holding in *Wentz*, *Wentz* is overruled.

 Ms. Parson also argues on appeal that the Commission erred in failing to award benefits for a permanent anatomical impairment and permanent wage-loss disability. However, even had Ms. Parson proved a compensable brain injury, which she did not, the Commission correctly ruled that she failed to support any permanent impairment with objective findings as required by Ark. Code Ann. § 11-9-704(c)(1)(B). And wage-loss disability cannot be awarded without first establishing the existence of a permanent impairment. *See Wal-Mart Stores, Inc. v. Connell, supra.*

 Finally, Ms. Parson urges this court to credit Dr. Spanos's opinions addressing compensability and permanent impairment because they were stated within a reasonable degree of medical certainty, which is a requirement pursuant to Ark. Code Ann. § 11-9-102(16)(B) (Supp. 2007). However, compensation must be denied if the claimant fails to prove *any* of the elements required for establishing a compensable injury. *See Rippe, supra.* Because Ms. Parson failed to establish a compensable injury with medical evidence supported by objective findings, it is immaterial whether Dr. Spanos's opinions were stated within a reasonable degree of medical certainty. As appellant notes, in *Wentz, supra,* we did state in our opinion that objective findings are also defined as medical opinions stated with a reasonable degree of medical certainty. However, these are clearly two distinct considerations in workers' compensation law, and our statement in *Wentz* to the contrary was erroneous.

As we indicated under similar facts in *Rippe, supra,* we recognize appellant's dilemma in attempting to prove objectively a condition that is undetectable with objective tests. However, Ark. Code Ann. § 11-9-102(4)(D) requires that a compensable injury be established by medical evidence supported by objective find-

ings, and we see no way for this dilemma to be addressed other than by legislative action.

Affirmed.

GLADWIN, BIRD, GLOVER, VAUGHT and BAKER, JJ., agree.