SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–12–688

|  |  |
|---|---|
| THOMAS B. QUEEN | **OPINION DELIVERED** SEPTEMBER 25, 2013 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | WORKERS' COMPENSATION |
| | COMMISSION |
| | [NO.F213364] |
| NORTEL NETWORKS; TRAVELERS | |
| PROPERTY & CASUALTY CO. | |
| APPELLEES | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

This workers' compensation case concerns an injury that appellant, Thomas Queen, suffered on February 18, 2001. The Arkansas Workers' Compensation Commission ultimately found on remand, in its April 20, 2012 opinion, that Queen's injury was compensable, that Queen's medical treatment for the period from February 19, 2001, through January 29, 2003, was compensable, and that temporary total–disability (TTD) benefits were awarded from February 19, 2001, through July 30, 2002, but that medical treatment following January 29, 2003, was not reasonably necessary for treatment of his compensable injury, and also awarded attorney's fees.[1] Appellant contends on appeal that no substantial evidence supports the denial of additional medical treatment.

---

[1]This is the second time that this case is before this court. In the original appeal, the Commission found that Queen did not suffer a compensable injury, but this court reversed and remanded for additional factual findings in *Queen v. Nortel Networks, Inc.*, 2012 Ark. App. 188.

We review a decision of the Workers' Compensation Commission to determine whether there is substantial evidence to support it. *Crosby v. Eaton Corp.*, 2012 Ark. App. 565. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Id.* It is the Commission's province to weigh the evidence and determine what is most credible. *Id.* The issue on appeal is not whether we would have reached a different result or whether the evidence would have supported a contrary conclusion; we will affirm if reasonable minds could reach the Commission's conclusion. *Id.*

It is the Commission's duty, not ours, to make credibility determinations, to weigh the evidence, and to resolve conflicts in the medical opinions, evidence, and testimony. *Adams v. Bemis Co.,* 2010 Ark. App. 859, at 2. Where the Commission has denied a claim because of the claimant's failure to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Parson v. Ark. Methodist Hosp.*, 103 Ark. App. 178, 287 S.W.3d 645 (2008). Because this is the sole issue now before us, and because the Commission's opinion adequately explains the decision, we affirm by memorandum opinion. *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985) (per curiam).

Affirmed.

GLOVER and WHITEAKER, JJ., agree.

*H. Oscar Hirby* and *Robert S. Tschiemer*, for appellant.

*Phillip Cuffman*, for appellee.