Cite as 2016 Ark. App. 439



# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-16-268

| | |
|---|---|
| NORTHWEST ARKANSAS COMMUNITY COLLEGE AND ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION | **Opinion Delivered** SEPTEMBER 28, 2016 <br><br> APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G-202533] |
| APPELLANTS <br> V. | |
| ADRIANA BAEZA | AFFIRMED |
| APPELLEE | |

## DAVID M. GLOVER, Judge

Adriana Baeza suffered a compensable bilateral shoulder injury on March 2, 2012, while employed by Northwest Arkansas Community College (NWACC). The contested issues at a hearing held on September 28, 2015, included whether Baeza was entitled to an impairment rating to the body as a whole for her compensable bilateral-shoulder injury. The Administrative Law Judge (ALJ) concluded that Baeza was entitled to an impairment rating of fourteen percent to the body as a whole for compensable bilateral-shoulder injuries. The Workers' Compensation Commission (Commission) affirmed and adopted the ALJ's findings of fact and conclusions of law in an opinion filed January 25, 2015. NWACC appealed to this court but also filed a motion for reconsideration with the Commission. The Commission denied the motion. In the appeal to this court, NWACC contends the Commission's opinion awarding a fourteen percent permanent anatomical-impairment

rating is not supported by substantial evidence because it was based upon active range-of-motion testing. We affirm.

In appeals from the Commission, we view the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *J.B. Hunt Transp. Servs. Inc. v. Hollingsworth*, 2016 Ark. App. 279, 285 S.W.3d 253. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* We defer to the Commission's findings on what testimony it deems to be credible, and the resolution of conflicting evidence is a question of fact for the Commission. *Id.* The Commission has authority to accept or reject medical opinion and to determine its medical soundness and probative force. *Id.* Credibility questions and the weight to be given to witness testimony are within the Commission's exclusive province. *Id.* The issue is not whether we might have reached a different decision or whether the evidence would have supported a contrary finding; instead, we affirm if reasonable minds could have reached the conclusion rendered by the Commission. *Id.* Typically, we review only the Commission's decision, not the ALJ's; however, when the Commission affirms and adopts the ALJ's opinion as its own, which is true here, we consider both the ALJ's decision and the Commission's opinion. *Id.* We review questions of law de novo, and if the Commission's decision is based on an incorrect application of the law, we will reverse the decision. *Wayne Holden & Co., Inc. v. Waggoner*, 2016 Ark. App. 309, ___ S.W.3d ___.

Here, the ALJ reviewed the evidence and methodologies utilized by Dr. Cyril Raben and Jon Lee, physical therapist, and concluded that Baeza was entitled to a fourteen percent impairment rating to the body as a whole as originally determined by Dr. Raben. The ALJ

clarified that objective medical findings supported the rating, even though subjective active range of motion tests were also utilized. *See Singleton v. Pine Bluff*, 102 Ark. App. 305, 285 S.W.3d 253 (2008). The decision, affirmed and adopted by the Commission, demonstrates that it is supported by substantial evidence and existing law. Because the opinion adequately explains the decision and displays substantial evidence to support it, we affirm by this memorandum opinion pursuant to sections (a), (b), and (d) of our per curiam, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Charles H. McLemore Jr.*, for appellant.

*Cottrell Law Office*, by: *Wes Cottrell*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellee.