Kenneth S. Hixson, Judge, concurring. | ml reluctantly concur in the result reached by the majority in this case. I write separately to emphasize that, if there is to be a change in the law with respect to the availability of permanent-impairment benefits for brain injuries—and there must be—it is for the legislature and not the court of appeals to make that change. ' It is undisputed that appellee Rick Yousey sustained very serious work-related injuries to his head and face, as detailed in the majority opinion. Common sense and a plethora of what the legislature has defined as subjective evidence substantiate that these severe injuries were likely the cause of Yousey’s brain injury as diagnosed by his doctors. However, because there were no objective findings to support a brain injury as required by the statute, I agree that the Commission’s award of permanent benefits for a brain injury must be reversed. Our workers’ compensation law as written by our legislature dictates this result. Pursuant to Ark. Code Ann. § 11-9-704(c)(l)(B) (Repl. 2012), any determination of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings. In Rippe v. Delbert Hooten Logging, 100 Ark. App. 227, 266 S.W.3d 217 (2007), and Parson v. Arkansas Methodist Hospital, 103 Ark. App. 178, 287 S.W.3d 645 (2008), we held that results of neuropsychological testing and a claimant’s own testimony regarding his or her 1 n symptoms were not adequate to establish an organic brain injury by objective findings. In each of those cases, the claimant had objective findings of physical facial and head injuries, but we affirmed the Commission’s denial of benefits for a brain injury because these findings were insufficient to support a brain injury. In Parson, the claimant’s doctor diagnosed her with a brain injury and explained that, although the MRI and EEG were normal, that did not mean there was no injury to the brain. Recognizing the dilemma in attempting to prove objectively a condition that is often undetectable with objective tests, we nonetheless affirmed the denial of benefits imploring the legislature to act where we stated “we see no way for this dilemma to be addressed other than by legislative action.” Parson, 103 Ark. at 184, 287 S.W.3d at 649. Here we are again, almost ten years later, confronted with the same dilemma. Since we delivered Parson in 2008, the legislature has remained silent and not addressed the dilemma, and the law remains unchanged. In short, brain-injury law has not kept up with brain-injury science. I invite, even implore, the legislature to re-examine the requirements to prove the compensability of brain-injury claims within the Arkansas Workers’ Compensation Act. It is the General Assembly’s responsibility to liberalize, broaden, or narrow the scope of workers’ compensation law—not ours or the Commission’s. See Ark. Code Ann. § 11-9-1001. Our charge is not to rewrite unambiguous workers’ compensation statutes, and in fact, we are statutorily prohibited from doing so. I am constrained to follow the law. For these reasons, I reluctantly concur with the majority’s decision that reversed the award of | ^permanent benefits for a brain injury.